WO  MGD

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Jarvis Atwood,<br><br>Plaintiff,<br><br>v.<br><br>Panann Days, et al.,<br><br>Defendants. | No. CV 20-00623-PHX-JAT (JZB)<br><br>**ORDER** |

Pending before the Court is Defendants Centurion and Olmstead's (collectively, "Centurion Defendants") Motion for Reconsideration or, in the Alternative, for Clarification of the Court's December 7, 2021 Order granting Plaintiff's Motion for Preliminary Injunction. (Doc. 176).

**I.   Background**

As relevant to the pending Motion, Plaintiff alleged in Count One of his Supplemental Complaint that he had been prescribed Tramadol and Ibuprofen for years for his severe spinal pain, but in September 2020, Defendant Nurse Practitioner Olmstead told him she was discontinuing his Tramadol entirely, and she would do nothing for his withdrawal symptoms, which included flushes, chills, cramps, nausea, and restless legs. (Doc. 52.) On screening under 28 U.S.C. § 1915A(a), the Court determined, in part, that Plaintiff stated an Eighth Amendment medical care claim in Count One against Defendants Centurion and Olmstead. (Docs. 37, 51, 56.)

Plaintiff subsequently filed a motion for injunctive relief seeking, in part, "the necessary pain medication to treat his constant severe pain." (Doc. 109 at 15.) On October 29, 2021, the Court held a hearing on the motion during which the parties presented evidence. In an Order dated December 7, 2021, the Court issued its Findings of Fact and Conclusions of Law and granted in part Plaintiff's motion for injunctive relief with respect to Plaintiff's pain medication. (Doc. 173.) Specifically, the Court ordered Centurion Defendants to re-start Plaintiff's prior prescription for Tramadol, unless a <u>specialist</u> had recommended an equally effective alternative pain medication. (*Id*. at 19.) The Court further ordered Centurion Defendants to schedule the epidural injection(s) recommended by Dr. Feiz-Erfan, unless the injection(s) had already happened, and the Court required Centurion Defendants to file a notice with the Court within 20 days of the date of the Order that Plaintiff had been re-started on Tramadol or an equally effective alternative pain medication recommended by a specialist and had received at least one epidural injection; additionally, Centurion Defendants were to state when any future injections were scheduled. (*Id*.)

## II.     Governing Standard

The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994); *United States v. Nutri-cology, Inc.*, 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988). Nor is reconsideration to be used to ask the Court to rethink what it has already thought through. *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Under Local Rule of Civil Procedure 7.2,

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such

> motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

LRCiv 7.2(g)(1).

### III. Discussion

Centurion Defendants seek reconsideration of the Court's December 7, 2021 Order, arguing that Plaintiff is not likely to succeed on the merits of his claim because he failed to present any evidence that he has been denied appropriate medical care or is suffering from a serious medical need at this time that has not been addressed. (Doc. 176 at 3.) They contend that for the Court "to order Defendants to prescribe Plaintiff an opioid medication for an indefinite period is not only an override of the decisions made by Plaintiff's actual medical providers, but also sets a dangerous precedent, as Court interference with medical decisions made by medical providers is disruptive to the practice of medicine, even in a correctional setting." (*Id*. at 4.) They argue that the only evidence that Plaintiff's treatment for his low back pain is inadequate is Plaintiff's own self-serving testimony, but there is no evidence Defendants have consciously disregarded Plaintiff's medical needs. (*Id*.)

This portion of Centurion Defendants' Motion merely repeats arguments they made, or could have made, in response to Plaintiff's request for injunctive relief. The Court has already considered these arguments and found them unpersuasive. Reconsideration is not appropriate where a movant merely asks the Court to "'rethink what the court ha[s] already thought through[,]'" which is exactly what Centurion Defendants do in their Motion. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Centurion Defendants have presented no new evidence, evidence of clear error, or a change in

- 3 -

controlling law. Accordingly, the portion of Centurion Defendants' Motion seeking reconsideration of the Court's December 7, 2021 Order is denied.

Centurion Defendants alternatively ask for clarification of the Court's December 7, 2021 Order, arguing there is nothing in the Order setting any limitations on the Tramadol prescription. (Doc. 176 at 5-6.) They argue that medical providers cannot ethically prescribe any medication, let alone an opioid, for an indefinite period of time, and they ask "for specific parameters on how often the Court is ordering the tramadol prescription to be evaluated for renewal, and under what circumstances Defendants are allowed to exercise their medical judgment in deciding whether the prescription should be renewed if and when Plaintiff's medical condition evolves." (*Id*. at 6.) They note that Plaintiff's expert, Dr. Davidson, testified that epidural steroid injections could diminish the need for Tramadol, and the dose of Tramadol would need to be adjusted based on what Plaintiff has taken in the past and on the effectiveness of the spinal injections. (*Id*., citing Doc. 173 at 5-6.) Centurion Defendants present evidence indicating that Plaintiff did have one epidural injection on December 14, 2021, which they argue renders moot Plaintiff's request for relief.[1] (Doc. 176-1 at 2-3, 10, 13-14.) They assert, without citing to evidence, that they placed an order for Plaintiff's Tramadol prescription to start on December 17, 2021, "without the ability under the Court Order to consider whether the epidural steroid injections provided Plaintiff relief based on his own expert's recommendation." (Doc. 176 at 6.)

Dr. Davidson testified that spinal injections would provide only temporary or transient relief in Plaintiff's case and may diminish the need for Tramadol if repeated two to three times a year. Centurion Defendants have not presented any evidence showing that Plaintiff will receive more than the one epidural injection he apparently received on December 14, 2021.

---

[1] The order for an epidural injection by Dr. Feiz-Erfan is only for one injection, and the report from Dr. Feiz-Erfan does not indicate he was recommending more than one injection. (*See* Doc. 176-1 at 2-14.)

Accordingly, the Court clarifies its December 7, 2021 Order to the extent that Centurion Defendants are informed the preliminary injunction remains in effect pending further order of the Court. Centurion Defendants may file a motion to dissolve the preliminary injunction in the future based on changed circumstances, but one epidural injection is not a sufficient basis for dissolving the preliminary injunction. The Court will look unfavorably upon any motion to dissolve that is not based on truly changed circumstances.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendants Centurion and Olmstead's Motion for Reconsideration or, in the Alternative, for Clarification (Doc. 176).

(2) The Motion (Doc. 176) is **denied** to the extent Centurion and Olmstead seek reconsideration of the Court's December 7, 2021 Order. The Motion is **granted** to the extent this Order clarifies its December 7, 2021 Order.

(3) All other matters **must remain** with the Magistrate Judge for disposition as appropriate.

Dated this 23rd day of December, 2021.

James A. Teilborg
Senior United States District Judge