David A. Lane (*pro hac vice* application to be submitted)
Reid Allison (*pro hac vice* application to be submitted)
Killmer, Lane & Newman, LLP
1543 Champa Street
Denver, Colorado 80202
Telephone: 303-571-1000
Email: dlane@kln-law.com
Email: rallison@kln-law.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Jarvis Atwood,<br><br>    Plaintiff,<br><br>v.<br><br>Panaan Days; *et al.*,<br><br>    Defendants. | No.: CV20-00623-PHX-JAT (JZB)<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' CENTURION AND OLMSTEAD MOTION FOR SUMMARY JUDGMENT [DOC. 194]** |

   Plaintiff Frank Atwood respectfully files this response to Defendants Olmstead and Centurion's Motion for Summary Judgment and asks that this Court deny that motion. For the reasons stated below, and as this Court knows well from the October 2021 Preliminary Injunction hearing, Mr. Atwood has presented more than sufficient

1

evidence to survive summary judgment on his claims of deliberate indifference against these Defendants.

**FACTUAL BACKGROUND**

The factual record of this case was developed during a day-long hearing on October 29, 2021. At this hearing, the relevant parties—including Frank Atwood and Nurse Practitioner Olmstead—testified. No other depositions have been taken in the case. Moreover, nothing about the relevant facts at issue here has changed between then and now.

Frank Atwood suffers from a degenerative spinal condition. Defendants know this. For over a decade, the severe pain he suffers was treated, effectively, with Tramadol. The present dispute is over the willful discontinuation of Mr. Atwood's known-effective pain medication and the refusal, for over a year, to return him to that course of medication.[1] This decision by Defendants left Mr. Atwood in constant severe pain.

After presiding over the day-long hearing on October 29, 2021, this Court entered findings of fact as part of its order on Plaintiff's motion for preliminary injunction. Those findings included that Frank Atwood has severe back pain and has been wheelchair bound since 2015. [Doc. 173] at 2. "From 2011 to September 2020, Plaintiff was prescribed Tramadol, which effectively treated his pain." *Id.* In the nearly 30 years that Mr. Atwood has suffered this back condition, other medications for pain "have either failed or Plaintiff had negative reactions to them." *Id.*

---

[1] Plaintiff will not pursue his non-Tramadol claims.

In September 2020, Defendant Olmstead discontinued Mr. Atwood's Tramadol prescription and for over a year (until this Court's order in December 2021), he was only provided medications that provided "no appreciable pain relief." *Id.* Defendant Olmstead made this decision based on Defendant Centurion's policy "that long-term opioids are not prescribed unless a patient has cancer pain or they are in a hospice setting." *Id.* at 2-3. Defendant Olmstead testified that this policy dictated her decision and Centurion has confirmed that this policy, though unwritten, is in place at ASPC-Eyman. *Id.* This policy was Defendant Olmstead's stated reason for refusing Tramadol to Mr. Atwood and Defendants' own medical expert did not testify that Mr. Atwood had patient-specific medical reasons to be refused his longstanding prescription. *Id.* at 6.

Mr. Atwood suffers incomprehensible pain without Tramadol every time he needs to transfer to or from his wheelchair. *Id.* at 3. Without Tramadol, his pain is a severe 9 or 10 out of 10, his ability to transfer to/from his wheelchair is decreased, and his sleep is compromised. *Id.* When Mr. Atwood is provided Tramadol, his pain is a more manageable 5 or 6. *Id.* Though Mr. Atwood has a history of falls since he has been in a wheelchair, these falls are not necessarily connected with his prescription for Tramadol. *Id.*

Mr. Atwood suffered various ailments through 2021 that required his hospitalization and/or housing in the infirmary. *Id.* at 4-5. During these periods, Mr. Atwood was consistently and safely prescribed Tramadol. *Id.* at 4-5, 11. Plaintiff's board-certified orthopedic expert, Dr. Phil Davidson, strongly testified that Mr. Atwood's

3

Tramadol prescription needed to be renewed and maintained. *Id.* at 5-6. His expert

medical opinion on this score was delivered without reservation. *Id.* at 5-6. Defendants'

medical expert testified that "there was no evidence Plaintiff was addicted to Tramadol,

that Plaintiff was diverting or abusing Tramadol, or that his cognition suffered because of

Tramadol." *Id.* at 6. This Court found Defendants' policy explanation for refusing to

provide him necessary and effective pain medication "unpersuasive, especially

considering the Plaintiff's past use of Tramadol for over ten years in the prison setting."

*Id.* at 12. "Specifically, the Court [found] the policy unpersuasive because there was no

evidence that is was based on a patient specific medical justification or a penological

justification." *Id.*

Since this Court's order on December 7, 2021 (and Defendants' compliance with

it later in December) Mr. Atwood has again received Tramadol to treat his pain. Between

September 2020 and Defendants' December 2021 compliance with this Court's order,

Mr. Atwood was left in known, untreated serious pain.

## ARGUMENT

For the same reasons this Court granted Mr. Atwood a preliminary injunction with

respect to his Tramadol prescription, Defendants' motion for summary judgment on the

same issue must be denied. This Court's analysis on the PI/TRO motion was correct, and

other than the resumption of Mr. Atwood's necessary prescription, nothing about the

facts or applicable legal analysis has changed since this Court's December 7, 2021 order.

Defendants refused Mr. Atwood a pain medication that they knew he needed for over a

4

year, leaving him in constant severe pain. Mr. Atwood has presented sufficient evidence

to have his deliberate indifference claim heard by a jury.

## I.     Plaintiff Has Presented Sufficient Evidence for a Jury to Decide His Eighth Amendment Claim of Deliberate Indifference to His Serious Medical Needs.

The Eighth Amendment "embodies broad and idealistic concepts of dignity,

civilized standards, humanity, and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976)

(internal quotation omitted). The Amendment proscribes the "unnecessary and wanton

infliction of pain," including deliberate indifference by state officials to the medical

needs of prisoners. *Id.* at 104.

Courts employ a two-part test in evaluating Eighth Amendment deliberate

indifference claims: a plaintiff must satisfy "both an objective standard—that the

deprivation was serious enough to constitute cruel and unusual punishment—and a

subjective standard—deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066

(9th Cir. 2014) (internal quotation omitted). The objective component examines whether

the plaintiff has a "serious medical need," such that the state's failure to provide

treatment could result in further injury or cause unnecessary and wanton infliction of

pain. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Serious medical needs include

those "that a reasonable doctor or patient would find important and worthy of comment

or treatment; the presence of a medical condition that significantly affects an individual's

daily activities; or the existence of chronic and substantial pain." *Colwell*, 763 F.3d at

1066 (internal quotation omitted).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Mr. Atwood clearly suffers from a serious medical need, as already recognized by this Court even before the hearing at which he testified. [Doc. 87] at 9 ("[a]s to the merits, there is no meaningful dispute that Plaintiff suffers from severe spinal pain, a serious medical condition."); *see also* [Doc. 173] at 8-9. Without proper treatment and medical pain management, Mr. Atwood's prolonged, unnecessary and substantial pain satisfies the objective prong of the deliberate indifference analysis. *Jett*, 439 F.3d at 1096; *Colwell*, 763 F.3d at 1066; *see also Cintron v. Dir., Cal. Dep't of Corr.*, No. 1:11-CV-00496-MJS (PC), 2012 U.S. Dist. LEXIS 11064, at *10-11 (E.D. Cal. Jan. 30, 2012) ("Plaintiff's allegations of a traumatic spinal injury, corrective surgery, and continuing severe and constant pain, taken as true for purposes of screening, demonstrate a serious medical need, satisfying the first prong of his deliberate indifference claim.").

"[T]he subjective element considers the defendant's state of mind, the extent of care provided, and whether the plaintiff was harmed." *Almy v. Baca*, No. 3:17-cv-00224-MMD-CBC, 2019 U.S. Dist. LEXIS 228505, at *18-20 (D. Nev. Oct. 23, 2019). "This second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (internal quotation omitted). "The state of mind required for deliberate indifference is subjective recklessness; however, 'the standard is less stringent in cases involving a prisoner's

6

1    medical needs . . . because the State's responsibility to provide inmates with medical care

2    ordinarily does not conflict with competing administrative concerns.'" *Shaka v. Ryan*,

3    No. CV 10-2253-PHX-SMM (BSB), 2015 U.S. Dist. LEXIS 26284, at *19-21 (D. Ariz.

4    Mar. 4, 2015) (quoting *McGuckin*, 974 F.2d at 1060). Whether a defendant had sufficient

5    knowledge of a substantial risk of harm is a question of fact, and a fact finder may

6    conclude that a defendant knew of a substantial risk based on the fact that the risk was

7    obvious. *Farmer v. Brennan*, 511 U.S. 825, 842, 114 S. Ct. 1970, 128 L. Ed. 2d 811

8    (1994). "[D]eliberate indifference may be shown by a purposeful act or failure to respond

9    to a prisoner's pain or possible medical need." *Shaka*, No. CV 10-2253-PHX-SMM

10   (BSB), 2015 U.S. Dist. LEXIS 26284, at *19-21.

11          Mr. Atwood has presented sufficient evidence to survive summary judgment on

12   the subjective prong of the deliberate indifference standard. Defendants made purposeful

13   acts to refuse to respond to Mr. Atwood's known pain and medical condition. Defendants

14   knew of his constant substantial pain, they knew that this pain had been effectively

15   managed for years by a prescription for Tramadol, and they knew that other drugs did not

16   alleviate his pain. This Court recognized this when granting Mr. Atwood's preliminary

17   injunction. [Doc. 173] at 11-12.

18          Knowing all this, Defendants refused for over a year to provide Mr. Atwood

19   necessary medication, leaving him in constant pain. Defendants' course of treatment was

20   medically unacceptable and Defendants chose this course "in conscious disregard of an

21   excessive risk to the plaintiff's health." *Edmo v. Corizon, Inc.*, 935 F.3d 757, 786 (9th

7

Cir. 2019). Indeed, this Court specifically noted that "Centurion Defendants have provided no explanation why Tramadol was appropriate for ten years and is suddenly inappropriate, requiring immediate cessation, or how the minimal pain relievers Plaintiff has received outside of the hospital or infirmary have been adequate to treat his significant pain issues." [Doc. 173] at 11.

In a similar case, a District Court in this circuit found merit in a deliberate indifference claim, where a plaintiff inmate suffered "a complicated, painful, degenerative orthopedic condition." *McNearney v. Wash. Dep't of Corr.*, No. C11-5930 RBL/KLS, 2012 U.S. Dist. LEXIS 115802, at *33 (W.D. Wash. June 15, 2012). The Defendants were aware of this condition and the medical necessity of further evaluation of surgical options, as in this case. *Id.* at 33-39. However, like Defendants in this case, they merely provided over-the-counter and/or ineffective pain relief medication and refused orthopedic evaluation to determine if further treatment was medically necessary. *Id.* The Court determined that such a course of treatment could be found "medically unacceptable under the circumstances" and Defendants had shown "conscious disregard of an excessive risk to Plaintiff's health." *Id.* at 38.

"Just because [defendants] have provided [a prisoner] with *some* treatment consistent with the [] Standards of Care, it does not follow that they have necessarily provided her with *constitutionally adequate* treatment." *Norsworthy v. Beard*, 87 F. Supp. 3d 1164, 1187 (N.D. Cal. 2015) (citing *De'lonta v. Johnson*, 708 F.3d 520, 526 (4th Cir. 2013) (emphasis in original); *Fields v. Smith*, 653 F.3d 550, 556 (7th Cir. 2011); *Ortiz v.*

*City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989) (a plaintiff alleging deliberate medical indifference "need not prove complete failure to treat").

The Fourth Circuit has explained this concept by analogy to a hypothetical circumstance like Mr. Atwood's actual predicament:

> imagine that prison officials prescribe a painkiller to an inmate who has suffered a serious injury from a fall, but that the inmate's symptoms, despite the medication, persist to the point that he now, by all objective measure, requires evaluation for surgery. Would prison officials then be free to deny him consideration for surgery, immunized from constitutional suit by the fact that they were giving him a painkiller? We think not. Accordingly, although . . . a prisoner does not enjoy a constitutional right to the treatment of his or her choice, the treatment a prison facility does provide must nevertheless be adequate to address the prisoner's serious medical need.

*Norsworthy*, 87 F. Supp. 3d at 1187 (quoting *De'Lonta*, 708 F.3d at 526).

In light of the above, Mr. Atwood has put forward sufficient evidence to proceed with his deliberate indifference claim.

## II.    Defendants have Caused Plaintiff to Suffer Injury.

Despite the clear record from the October 2021 hearing, and this Court's recognition and crediting of the same in its order granting the preliminary injunction, Defendants argue that Mr. Atwood "has not shown that he suffered any actual injury as a result of any alleged indifference." [Doc. 194] at 16. This is false and based on an incorrect understanding of what is and is not an injury of a constitutional dimension, as well as an unfounded discrediting of Mr. Atwood's own reporting of his condition.

"Chronic and substantial pain" is indisputably an injury for purposes of the

deliberate indifference analysis. *See, e.g., McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*. Mr. Atwood has presented more than sufficient evidence that Defendants actions left him in chronic and substantial pain, without known effective treatment, for over a year. Defendants' argument in this regard also serves as a continuation of their line of reasoning at the hearing in October. Specifically, Defendants insist that Mr. Atwood has "provided no evidence" and/or "has not provided any objective evidence to show an increase in his pain after the opioids were discontinued." [Doc. 194] at 17.

Testimony is, of course, evidence. *See, e.g., Debell Windows Sys. v. Exteriors*, 2020 U.S. Dist. LEXIS 172057, at \*16 (D. Nev. 2020) ("As a general matter, testimony and declarations are evidence."); *Vasquez v. City of Idaho Falls*, 2020 U.S. Dist. LEXIS 65735, at \*7 (D. Idaho 2020) ("Oral testimony is evidence. Parties can challenge the credibility of the witness, but the lack of documentation does not mean there is no factual dispute.").

Mr. Atwood has testified to his severe pain without Tramadol, he has testified to Tramadol's efficacy in treating his pain, and he has testified about Defendants' knowledge of both his pain and Tramadol's efficacy. This Court credited this testimony, along with the testimony of Dr. Davidson, in ordering that Mr. Atwood's Tramadol be resumed. Defendants offer no reason why either Mr. Atwood's or Dr. Davidson's testimony should now be disbelieved or be deemed somehow insufficient to support Mr. Atwood's deliberate indifference claim. The same evidence that supported this Court's

grant of Mr. Atwood's preliminary injunction supports his deliberate indifference claim at this summary judgment stage, and based on this evidence Defendants' motion should be denied.

### III.      Defendant Centurion's Policy Caused Plaintiff's Injury.

Next, Defendants argue that Mr. Atwood has not developed sufficient evidence to support his *Monell* claim against Centurion. A private corporation, like Centurion, may be liable for *Monell* violations it causes when acting under state law to perform such functions as providing medical care to prisoners. *See, e.g., Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012). To sustain such liability a plaintiff must demonstrate that "an official policy, custom, or pattern" of the private entity caused the constitutional injury. *Id.* at 1143. "A 'policy' is 'a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" *Id.*

Defendants assert that Mr. Atwood has not shown that a Centurion policy caused his injury. [Doc. 194] at 19-20. Defendants mention Centurion's policy of not providing opiates to patients like Mr. Atwood but Defendants attempt to lessen the policy's import here by insisting that the policy accounts for each patient's particular presentation and needs. *Id.* at 20.

This latter argument is not consistent with Defendant Olmstead's testimony. As this Court noted in its findings of fact from the hearing, Defendant Olmstead made the decision to discontinue and refuse to restart Mr. Atwood's known-effective pain

11

medication purely because of Centurion's stated policy. With respect to possible patient-specific reasons that a person could be cut off from Tramadol, Defendant Olmstead did not testify that Mr. Atwood matched any of such concerns and Defendants' own expert "agreed that there was no evidence Plaintiff was addicted to Tramadol, that Plaintiff was diverting or abusing Tramadol, or that his cognition suffered because of Tramadol." [Doc. 173] at 6.

Defendant Centurion, after the hearing, insisted that Defendant Olmstead was merely carrying out its policy to not provide necessary pain management opioid medication so long as the patient did not have cancer and was not otherwise in hospice care. *See id.* This Court found Defendants' reliance on the policy unpersuasive "because there was no evidence that [Defendants' decision to stop Mr. Atwood's Tramadol prescription] was based on a patient specific medical justification or a penological justification." *Id.* at 12. That said, the testimony was clear that Olmstead made the decision she did *because of* Centurion policy.

The facts as developed clearly show that Defendant Olmstead made the decision to discontinue Mr. Atwood's prescription based on Defendant Centurion's blanket policy regarding opiates, rather than anything specific to do with Mr. Atwood's medical presentation or known needs in terms of pain management medication. Therefore, Plaintiff has put forward sufficient evidence to maintain his *Monell* claim against Defendant Centurion.

1    **IV.      A Reasonable Jury Could Award Punitive Damages Against Defendants.**

2            Finally, Defendants argue that punitive damages are unsupported based on this

3    record. [Doc. 194] at 20-21. However, because Mr. Atwood has developed sufficient

4    

5    evidence of deliberate indifference, his claim for punitive damages should also be

6    allowed to proceed. The Ninth Circuit has explained that punitive damages may be

7    awarded on a finding of "reckless or callous indifference to the federally protected rights

8    of others" and that this is a very similar standard to deliberate indifference itself.

9    

10           Punitive damages may be assessed in § 1983 actions "when the defendant's
             conduct is shown to be motivated by evil motive or intent, or when it
11           involves reckless or callous indifference to the federally protected rights of
             others." *Smith v. Wade*, 461 U.S. 30, 56, 103 S. Ct. 1625, 75 L. Ed. 2d 632
12           (1983). "[T]his threshold applies even when the underlying standard of
             liability for compensatory damages is one of recklessness," *id.*, because to
13           award punitive damages, the jury must make both a factual determination
             that the threshold was met and "a moral judgment" that further punishment
14           was warranted, *id.* at 52-53 (recognizing that where the underlying standard
             of liability is recklessness, a tortfeasor may be subject to both
15           compensatory and punitive damages without any additional culpable
             conduct). The decision to impose such sanctions is "within the exclusive
16           province of the jury." *Runge v. Lee*, 441 F.2d 579, 584 (9th Cir. 1971).

17
             The precise distinction between "deliberate indifference" and "reckless or
18           callous indifference" remains an open question. As discussed above,
             "deliberate indifference" is defined in this circuit as "the conscious choice
19           to disregard the consequences of one's acts or omissions." *See* 9th Cir. Civ.
             Jury Instr. 9.7 (2007). Furthermore, when the Supreme Court articulated the
20           deliberate-indifference standard for failure-to-protect claims in *Farmer*, it
             defined the standard as one of criminal recklessness. *See Farmer*, 511 U.S.
21           at 837-39. The circular nature of these definitions gives rise to the inference
             that the terms are synonymous. Juries in these cases thus have the
22           discretion to impose punitive damages if they believe further punishment
             above and beyond compensatory damages is appropriate, without having to
23           make any additional factual findings. *See Smith*, 461 U.S. at 56.

24

25

26
                                                    13

1

2
     As described above, the jury heard sufficient evidence here to find that both individual defendants were deliberately indifferent. Accordingly, it was also free to find that the individual defendants' actions constituted reckless or callous indifference, opening up the possibility of punitive damages.

3

4
*Castro v. Cty. of L.A.*, 797 F.3d 654, 669-70 (9th Cir. 2015).[2]

5
     For this reason, if Mr. Atwood's deliberate indifference claim is allowed to

6
proceed, a jury should be empowered to consider punitive damages. On the facts of this

7

8
case, there is sufficient basis for Defendants' "reckless or callous indifference" to Mr.

9
Atwood's constitutional right not to be left in severe, unnecessary pain without effective

10
treatment for over a year.

11
**CONCLUSION**

12
     For the same reasons this Court granted Mr. Atwood's preliminary injunction, this

13

14
Court should deny Defendants Olmstead and Centurion's motion for summary judgment.

15
Plaintiff has triable deliberate indifference claims against Defendants based on their

16
refusal, for over a year, to provide him with painkilling medication that they knew was

17
effective, thus leaving him in constant severe pain.

18
     Dated this 15th day of March 2022.

19

20
                         *s/ David A. Lane*

21
                         David A. Lane (*pro hac vice* application to be submitted)

22
                         Reid Allison (*pro hac vice* application to be submitted)
                         KILMER, LANE & NEWMAN, LLP

23
                         1543 Champa Street
                         Denver, Colorado 80202

24
---

25
[2] This analysis was specifically adopted and incorporated by later *Castro* courts, including an *en banc* panel. *See Cooley v. Meads*, 728 F. App'x 773, 774-775 (9th Cir.

26
2018).

14

Telephone: 303-571-1000
Email: dlane@kln-law.com
Email: rallison@kln-law.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    I certify that on this 15th day of March 2022 I electronically filed the foregoing **PLAINTIFF'S RESPONSE TO MEDICAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** with the Court via CM/ECF which will generate emailed notice via CM/ECF to all participates in the case who are registered with CM/ECF.

*s/ Jamie Akard*
Paralegal

15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

.