MGD

WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frank Jarvis Atwood, | No.   CV 20-00623-PHX-JAT (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| Panann Days, et al., | |
| Defendants. | |

On June 27, 2022, Defendants Centurion and Olmstead filed a Notice of Suggestion of Plaintiff Frank Jarvis Atwood's death pursuant to Federal Rule of Civil Procedure 25(a)(1) indicating that Mr. Atwood died on June 8, 2022. (Doc. 215.)  Defendants, though, had not shown they had served the nonparty representative(s) of Mr. Atwood with the suggestion of death, and the Court, in an Order dated July 21, 2022, required Defendants to file a notice within 10 days showing they had complied with the service requirements of Rule 25(a)(1).  (Doc. 216.)  On July 28, 2022, Defendants filed a Notice of Compliance notifying the Court that counsel for Plaintiff agreed to accept service of Defendants' Notice of Suggestion of Death on behalf of Rachel Atwood, the nonparty representative of Mr. Atwood.  (Doc. 217.)

On November 29, 2022, Plaintiff's counsel filed a Motion to Substitute Plaintiff with the Personal Representative of the Plaintiff's Estate.  (Doc. 218.)  The Motion states that at the time of Mr. Atwood's death, he was legally married to Rachel Atwood, who has agreed to act as the personal representative of Mr. Atwood's estate.  (*Id*. at 1-2.)  The

1  Motion states that Rachel Atwood had not yet been appointed by a probate court in this

2  capacity but believes she is Mr. Atwood's closest surviving relative, and no other person

3  has indicated any desire or willingness to act in that capacity. (*Id*. at 2.)

4      Rule 25(a) of the Federal Rules of Civil Procedure provides:

5      If a party dies and the claim is not extinguished, the court may order
       substitution of the proper party. A motion for substitution may be
6      made by any party or by the decedent's successor or representative.
       If the motion is not made within 90 days after service of a statement
7      noting the death, the action by or against the decedent must be
8      dismissed.

9  Fed. R. Civ. P. 25(a)(1). Pursuant to Rule 25, where a party seeks to substitute him or

10 herself for a deceased party to a suit, the decedent's claim must not have been extinguished

11 by his or her death. *Id.* Whether a § 1983 claim survives the death of the plaintiff or is

12 thereby extinguished is governed by state law. *Robertson v. Wegmann*, 436 U.S. 584, 590

13 (1978) (stating that state survival statutes "provide[ ] the principal reference point in

14 determining survival of . . . actions"). Arizona's survival statute states that *"[e]very cause*

15 *of action*, except a cause of action for damages for breach of promise to marry, seduction,

16 libel, slander, separate maintenance, alimony, loss of consortium or invasion of the right

17 of privacy, shall survive the death of the person entitled thereto or liable therefor, and may

18 be asserted by or against the **personal representative** of such person." Ariz. Rev. Stat.

19 § 14-3110 (emphasis added); *see also Gartin v. St. Joseph's Hosp. and Med. Ctr*., 749 P.2d

20 943, 944 (Ariz. Ct. App. 1998) (explaining that survival actions "carry on the claim that

21 the decedent would have had for his injuries"); *Gandy v. United States*, 437 F.Supp.2d

22 1083, 1087 (D. Ariz. 2006) (under Arizona's survival statute, "[t]he claim passes from the

23 decedent to the personal representatives, and becomes an asset of the estate") (citing

24 *Barragan v. Superior Court of Pima Cnty.*, 470 P.2d 722, 724 (Ariz. Ct. App. 1970)).

25 Arizona law requires that a personal representative be appointed. *See* Ariz. Rev. Stat. § 14-

26 3104. *See, e.g.*, *Lee v. Arizona*, 10-00066-PHX-GMS, 2010 WL 1948584, at *2-3 (D. Ariz.

27 May 12, 2010) (holding that the plaintiff could not pursue § 1983 claims on behalf of her

28 deceased husband without demonstrating that she had been appointed as a personal

representative for his estate).  The plaintiff "bears the burden of demonstrating that a particular state's law authorizes a survival action" and that he or she "meets that state's requirements for bringing a survival action."  *Moreland*, 159 F.3d at 369

Plaintiff's Motion to Substitute was filed more than 90 days after Defendants complied with the Court's Order regarding service of the Suggestion of Death.  Plaintiff's counsel asserts that the reason for the delay was that his 92-year-old mother had become critically ill and was in hospice care and he had been preoccupied with her health situation and was her sole caretaker.  (*Id*.)  Counsel does not believe any party has suffered any prejudice as a result of this short delay and asks that Rachel Atwood be substituted for Plaintiff Frank Atwood.  (*Id*. at 3.)

Defendants oppose the Motion to Substitute on the basis that is untimely.  (Doc. 219.)  Defendants contend that 90 days from July 27, 2022 was October 25, 2022, and Plaintiff's Motion to Substitute was filed more than a month after the 90-day deadline had passed.  (*Id*. at 2.)  Defendants argue they will be "significantly prejudiced" if substitution is allowed because "substitution will revive a claim that would have otherwise been extinguished when substitution was not timely made."  (*Id*.)  They also argue that they are sympathetic to counsel's situation involving his mother's health, but Plaintiff's counsel never requested an extension of time from defense counsel or this Court before the deadline expired.  (*Id*. at 3.)  Defendants therefore ask that all claims against them be dismissed. (*Id*.)

Rule 6(b) of the Federal Rules of Civil Procedure "works in conjunction with Rule 25(a)(1) to provide the intended flexibility in enlarging the time for substitution." *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1094 (9th Cir. 2017) (quoting *Zeidman v. Gen. Accident Ins. Co.*, 122 F.R.D. 160, 161 (S.D.N.Y. 1988)).  Moreover, "the 'history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted.'" *Id*. (quoting *Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (citation omitted) and citing *United States v. Miller Bros. Constr. Co.*, 505 F.2d

1031, 1035 (10th Cir. 1974) (stating that under Rule 25, a "discretionary extension should be liberally granted absent a showing of bad faith on the part of the movant for substitution or undue prejudice to other parties to the action"); 7C Charles Alan Wright et al., *Federal Practice and Procedure* § 1955 (3d ed. 2017) ("Dismissal is not mandatory, despite the use of the word 'must' in the amended rule.").); *see also Liberty Life Ins. Co. v. Myers*, No. CV 10-2024-PHX-JAT, 2013 WL 593861, at \*2 (D. Ariz. Feb. 11, 2013) ("numerous federal courts have found '[t]he law is clear that, despite the mandatory language in Rule 25(a), the Court has substantial discretion to interpret the rule liberally so as to effectuate its underlying purpose'") (quoting *Williams v. Scott,* 07–22617–CIV, 2010 WL 5791517, at \*2 (S.D. Fla. Sept.3, 2010) and citing similar cases).

The Court finds that a 38-day delay after the 90 days had expired does not warrant a rigid application of Rule 25. Defendants have claimed no prejudice from granting Plaintiff's Motion to Substitute other than simply arguing that the failure to follow the 90-day rule prejudices them. The Court is inclined to grant the Motion to Substitute, but cannot at this time because Rachel Atwood has not demonstrated that she has been appointed as the personal representative of Frank Atwood's estate under Arizona Revised Statutes § 14-3110. The Court will therefore stay a decision on the Motion to Substitute and allow Rachel Atwood 30 days to file documentation evidencing that she has been appointed the personal representative of Frank Atwood's estate. If Rachel Atwood does not provide the necessary evidence within the time provided, the Court will dismiss the Complaint and this action.

**IT IS ORDERED:**

(1)     The Court will **stay** its ruling on Plaintiff's Motion to Substitute (Doc. 218) and allow Rachel Atwood an opportunity to demonstrate that she has been appointed the personal representative of Frank Atwood's estate.

(2)     Within thirty (30) days of the date of this Order, Plaintiff shall provide a Response to this Order with documentary evidence establishing that Rachel Atwood has

been appointed the personal representative of the Estate of Frank Jarvis Atwood. Failure to comply will result in dismissal of this action.

Dated this 7th day of March, 2023.

James A. Teilborg
Senior United States District Judge